IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KENNETH DULWORTH, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. CIV-05-1106-F |
| ) | |
| EDWARD L. EVANS,[1] ) | |
| ) | |
| Respondent. ) | |

**REPORT AND RECOMMENDATION**

Petitioner, a state prisoner appearing pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pursuant to an order entered by United States District Judge Stephen P. Friot, the matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). In accordance with Rule 4, Rules Governing Section 2254 Cases, the petition has been promptly examined.[2] For the reasons set forth below, it is recommended that the petition be dismissed upon filing as untimely.

By this action, Petitioner claims that a misconduct was illegally "reactivated," violating his rights to due process and equal protection, and in violation of the Ex Post Facto clause of the United States Constitution. Petition, p. 1. He alleges that on April 5, 1993, he received an escape misconduct from the Howard McLeod Correctional

---

[1] Petitioner named Ron Ward as Respondent. Mr. Ward has retired, and Edward L. Evans has been named the Interim Director of the Department of Corrections. Accordingly, pursuant to Fed.R.Civ.P. 25(d)(1), Edward L. Evans has been substituted as Respondent.

[2] Pursuant to Rule 1(b), Rules Governing Section 2254 Cases, these rules may be applied to habeas cases other than those brought under 28 U.S.C. § 2254 at the discretion of the court.

Center.³  He alleges that his 1993 escape "points" were dropped in 1996 by his classification committee, allowing him to be promoted to classification level three.⁴ Petition, p. 2.  He alleges that adjustment reviews from the Joseph Harp Correctional Center on November 22, 1999, and February 8, 2004, show that he had no active misconducts.  Petition, p. 2 and Exs. E and E1.  He alleges that on July 28, 2004, he arrived at James Crabtree Correctional Center as a classification level four inmate, but was told on July 30, 2004, that he was being demoted to classification level two due to escape points.  Petition, p. 2; Ex. F.

He claims that in 1993, escape from a minimum security prison carried active points for five years, and committing a violent felony while on escape status carried active points for two years.  Petition, p. 2.  However, he alleges that in 2003, a new policy was enacted providing that committing a violent felony while on escape status results in active points for the duration of the current incarceration.  Petition, p. 2.  He claims that application of this policy to him disadvantages him because it keeps him from being promoted to class levels three and four, thereby lengthening his

---

³He also alleges that he was convicted of the crime of escape.  Case No. CF-1993-26, District Court of Atoka County.  Petition, p. 2-3.

⁴In Oklahoma, the amount of earned credits that an inmate may receive is determined by his or her placement in one of four security classification levels. Okla. Stat. tit 57, § 138.  The higher the level, the more earned credits an inmate can accrue.  Id.  The concept of escape "points" comes from the ODOC policy regarding security assessments, where points are assigned for various items so that a decision can be made as to whether an inmate should be assigned to minimum, medium, or maximum security. One of the items for which points are assessed is "Escapes from any level of security that result in an injury to another or a felony conviction for a violent crime while on escape status . . . ." OP-060103(M)(II)(B)(3)(a)(4). <http://www.doc.state.ok.us/Offtech/op060103(m).htm> (accessed Sept. 27, 2005).  ODOC policy provides that inmates with active escape points cannot advance to classification levels three or four. OP-060107(I)(C)(2)(c) and(d). <http://www.doc. state.ok.us/Offtech/op060107.htm> (accessed Sept. 27, 2005).

incarceration. He seeks relief in the form of removal of the escape misconduct points and recalculation of his sentence to provide for the earned credits from July 30, 2004, to the present.

**I. THE SCREENING REQUIREMENT**

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court is under an obligation to review habeas petitions promptly and to summarily dismiss a petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief. . . ." As stated by the Fifth Circuit:

> The district court has the power under Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. This power is rooted in "the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer."

Kiser v. Johnson, 163 F.3d 326, 328 (5th Cir. 1999) (quoting Rule 4 Advisory Committee Notes). Rule 4 of the Rules Governing Section 2254 Cases, which may also be applied to § 2241 cases, "differentiates habeas cases from other civil cases with respect to sua sponte consideration of affirmative defenses." Id.; Rule 1(b), Rules Governing Section 2254 Cases. Thus, the issue of the timeliness of a petition for writ of habeas corpus may be raised sua sponte. See Williams v. Boone, No. 98-6357, 1999 WL 34856, at * 3 (10th Cir. Jan. 28, 1999) (affirming this Court's sua sponte dismissal of a § 2254 habeas corpus petition as untimely under Rule 4);[5] see also Acosta v. Artuz, 221 F.3d 117, 123-24 (2nd Cir. 2000) (citing Williams and holding that district courts

---

[5] This and any other unpublished disposition are cited herein for persuasive authority pursuant to Tenth Circuit Rule 36.3.

may raise the one-year statute of limitations sua sponte). Moreover, the undersigned's sua sponte consideration of the petition will not prejudice Petitioner since he has an opportunity to be heard on the issue by filing a timely objection to this Report and Recommendation. See Smith v. Dorsey, No. 93-2229, 1994 WL 396069 (10th Cir. July 29, 1994) (finding "no due process problem" where magistrate judge raised issue of procedural bar sua sponte and petitioner had opportunity to object to report and recommendation prior to district court's adoption thereof) (citing Hardiman v. Reynolds, 971 F.2d 500 (10th Cir. 1992)). After reviewing the petition, the undersigned finds that the claim raised herein is untimely.

## II.  THE AEDPA LIMITATIONS PERIOD

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)[6] sets forth a one-year period of limitations for habeas petitioners who are in state custody. The statute provides in pertinent part:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

---

[6] Pub. L. No. 104-132, 110 Stat. 1214, effective April 24, 1996.

>    recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). Because Petitioner challenges the execution of his sentence under 28 U.S.C. § 2241, the one year limitation period began to run when "the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  28 U.S.C. § 2244(d)(1)(D).  See Cotner v. Boone, No. 01-7096, 2002 WL 31045393, at *2 (10th Cir. Sept. 13, 2002) (analyzing timeliness of a § 2241 petition claiming incorrect calculation of credits by applying 28 U.S.C. § 2241(d)(1)(D)).  Thus, applying § 2244(d) to the present case, the one year statute of limitations began to run when Petitioner became aware that the new policy regarding the expiration of escape points was being applied to him.  Petitioner alleges that this occurred on July 30, 2004, and Petitioner's adjustment review – signed by him on that date – clearly shows demotion with the comment "no higher than level 2 due to escape points."  Petition, p. 2 and Ex. F.  The fact that Petitioner thereafter attempted to resolve the issue through the use of administrative remedies does not render each denial of relief a separate factual predicate.  Cf. Smith v. Grubbs, No. 01-5193, 42 Fed.Appx. 370, *372 (10th Cir. July 11, 2002) ("Mr. Smith could have discovered the factual predicate of his claim in mid 1997 ... successive denials of parole did not involve separate factual predicates and therefore do not warrant separate statute of limitations calculations").  Thus, under § 2244(d)(1)(D), the

limitations period would have expired on July 30, 2005.  Malone v. State, Nos. 03-6246, 03-6175, 2004 WL 1249850, at *1 (10th Cir. June 8, 2004) (the one year limitation period should be calculated using anniversary date method, citing United States v. Hurst, 322 F.3d 1256, 1260-61 (10th Cir. 2003)).  This action was not filed until September 20, 2005, and in the absence of tolling, is clearly untimely.

### III. STATUTORY AND EQUITABLE TOLLING

Federal law provides that the limitations period is tolled for a "properly filed application for State post-conviction or other collateral review."  28 U.S.C. § 2244(d)(2). However, because Petitioner has apparently pursued no state remedies, statutory tolling is not available here. The period of limitation also may be subject to equitable tolling  under circumstances where application of the period of limitation would possibly render the habeas remedy  "inadequate and ineffective."  Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998).  However, equitable tolling is limited to "rare and exceptional circumstances." Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000). In Gibson, the Tenth Circuit recognized that "[e]quitable tolling would be appropriate . . . when a prisoner is actually innocent, when an adversary's conduct -- or other uncontrollable circumstances -- prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period." Id. (citations omitted); accord Miller, 141 F.3d at 978 (recognizing that circumstances such as a claim of actual innocence or incompetency may exist where application of the limitation period would possibly render the habeas remedy "inadequate and ineffective" and subject the limitation period to equitable tolling).

"Moreover, a petitioner must diligently pursue his federal habeas claims . . . ." Gibson, 232 F.3d at 808 (citing Miller, 141 F.3d at 978). "[T]his Circuit has generally declined to apply equitable tolling when it is facially clear from the timing of the state and federal petitions that the petitioner did not diligently pursue his federal claims." Burger v. Scott, 317 F.3d 1133, 1141 (10th Cir. 2003). The burden is on a petitioner to demonstrate the circumstances that justify equitable tolling. Miller, 141 F.3d at 977.

Petitioner cannot show rare and extraordinary circumstances justifying equitable tolling of the limitation period, nor can he demonstrate that he has diligently pursued his federal claims. Gibson, 232 F.3d at 808; Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000). Petitioner has not pled circumstances sufficient to warrant equitable tolling, and Petitioner did not diligently seek federal habeas corpus relief – he has waited fourteen months after finding out that he was being demoted to class level two to file this action. Consequently, application of the doctrine of equitable tolling is not appropriate here.

## **RECOMMENDATION**

For these reasons, it is the recommendation of the undersigned Magistrate Judge that the petition for writ of habeas corpus be dismissed on filing as untimely pursuant to 28 U.S.C. § 2244(d). Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by October 18, 2005, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein.

Moore v. United States, 950 F.2d 656 (10th Cir. 1991).  This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.  The Clerk of the Court is directed to electronically send a copy of the Report and Recommendation to the Attorney General of the State of Oklahoma on behalf of the Respondent at the following address: fhc.docket@oag.

**ENTERED this 28th day of September, 2005.**

*[signature]*
DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE