## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KENNETH DULWORTH, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. CIV-05-1106-F |
| ) | |
| EDWARD L. EVANS, ) | |
| ) | |
| Respondent. ) | |

### SUPPLEMENTAL REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent has filed a motion to dismiss the petition on the ground that it is moot, to which Petitioner has replied. Thus the matter is at issue. U. S. District Judge Stephen P. Friot has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). For the reasons set forth herein, the undersigned recommends that the motion to dismiss be granted.

### A.  PROCEDURAL HISTORY

On September 28, 2005, the undersigned recommended that the petition be dismissed as untimely. [Doc. No. 6]. Judge Friot adopted the Report and Recommendation and dismissed the petition. [Doc. No. 8]. On appeal, the Tenth Circuit Court of Appeals reversed, concluding that the petition was timely filed. Dulworth v. Evans, 442 F.3d 1265 (10th Cir. 2006). As noted above, the matter is now before the Court on Respondent's motion to dismiss.

**B. PETITIONER'S HABEAS CORPUS CLAIM**

By this action, Petitioner claims that a misconduct was illegally "reactivated," violating his rights to due process and equal protection, and that such action was in violation of the Ex Post Facto clause of the United States Constitution. Petition, p. 1. He alleges that on April 5, 1993, he received an escape misconduct from the Howard McLeod Correctional Center.[1] He alleges that his 1993 escape "points" were dropped in 1996 by his classification committee, allowing him to be promoted to classification level three. Petition, p. 2. He alleges that adjustment reviews from the Joseph Harp Correctional Center on November 22, 1999, and February 8, 2004, show that he had no active misconducts. Petition, p. 2 and Exs. E and E1. He alleges that on July 28, 2004, he arrived at James Crabtree Correctional Center as a classification level four inmate, but was told on July 30, 2004, that he was being demoted to classification level two due to escape points. Petition, p. 2; Ex. F.

He claims that in 1993, escape from a minimum security prison carried active points for five years, and committing a violent felony while on escape status carried active points for two years. Petition, p. 2. However, he alleges that in 2003, a new policy was enacted providing that committing a violent felony while on escape status results in active points for the duration of the current incarceration. Petition, p. 2. He claims that application of this policy to him disadvantages him because it keeps him from being promoted to class levels three and four, thereby lengthening his

---

[1] He also acknowledges that he was convicted of the crime of escape. Case No. CF-1993-26, District Court of Atoka County. Petition, p. 2-3.

incarceration. He seeks relief in the form of removal of the escape misconduct points and recalculation of his sentence to provide for the earned credits from July 30, 2004, to the present. Respondent contends the petition is moot, because on June 8, 2006, Petitioner was reinstated to level four for purposes of earning credits and that he received twenty-two months of retroactive credits, placing him in the same position as if he had been earning credits at level four since July 29, 2004.

"A habeas corpus petition is moot when it no longer presents a case or controversy under Article III, § 2, of the Constitution." Aragon v. Shanks, 144 F.3d 690, 691 (10th Cir. 1998). In order for a case or controversy to exist under this constitutional provision, the plaintiff must have suffered an actual injury which can "'be redressed by a favorable judicial decision.'" Spencer v. Kemna, 523 U.S. 1, 7 (1998)(quoting Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990)). Respondent contends that this case is moot, because Petitioner has been granted his requested relief. According to Petitioner's consolidated record, effective June 8, 2006, the Department of Corrections re-classified Petitioner to level four, and awarded him the credits that he would have received had he been at level four since July 29, 2004, when he was reduced in his classification to level two because of his "expired" escape points. Respondent's Exhibit 2.

Petitioner acknowledges that he has been reinstated to level four for purposes of earning credits. He contends however, that his security points have not been reduced to reflect that he has no active escape points. Therefore, he contends this case is not moot.

According to Department of Corrections' policy, security points are utilized to determine the level of security to be applied to an inmate during his incarceration. Department of Corrections' Policy OP-060103(M) <http://www.doc.state.ok.us/Offtech/op060103(m).htm> (accessed July 3, 2006). Security points help determine the custody level an inmate will be assigned to serve his sentence, e.g. maximum, medium or minimum security, not the duration of his incarceration. Department of Corrections' Policy OP-060103(M)(II)(C)(1). The law is clear that the due process clause does not entitle a prisoner to any particular security classification. Olim v. Wakinekona, 461 U.S. 238, 245-46 (1983); Hewitt v. Helms, 459 U.S. 460, 468 (1983), overruled, in part, on other grounds by Sandin v. Conner, 515 U.S. 472 (1995); Montanye v. Haymes, 427 U.S. 236, 242-43 (1976); Meachum v. Fano, 427 U.S. 215, 224-25 (1976)(Due Process Clause does not protect a prisoner against transfer to a more restrictive prison); Bailey v. Shillinger, 828 F.2d 651, 652 (10th Cir. 1987) (reclassification of plaintiff into administrative segregation does not involve deprivation of liberty interest protected by due process clause). Petitioner has not established that the failure of Department of Corrections' officials to amend his security points will impact any aspect of his incarceration in light of their decision to reinstate him to level four for purposes of earning credits. Accordingly, the undersigned concludes that the failure to amend his security points does not prevent the instant dispute from being rendered moot by the Department of Corrections' decision to reinstate Petitioner to level four and to grant him the 496 earned credits

that he lost between July 29, 2004 and June 8, 2006 as a result of his placement at level two.

Petitioner also contends that the petition is not moot because he would have received additional gang pay at level four from July 29, 2004 until the present time if the escape points policy had not been inappropriately applied in his case. Monetary damages are not available in federal habeas corpus proceedings, Preiser v. Rodriguez, 411 U.S. 475, 493-94 (1973), and accordingly, Petitioner's belief that he is entitled to retroactive gang pay for work conducted between July 29, 2004 and June 8, 2006 does not preclude a finding that this case is moot.[2]

For the reasons set forth above, the undersigned recommends that the petition be dismissed as moot in light of the Department of Corrections' decision to reinstate Petitioner to level four effective June 8, 2006 and to credit him with 486 earned credits, representing the credits he would have earned between July 29, 2004 and June 8, 2006 had he remained at level four.

## **RECOMMENDATION**

For these reasons, it is the recommendation of the undersigned Magistrate Judge that the petition for writ of habeas corpus be dismissed as moot. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by Jul 31, 2006, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. Petitioner is further advised that failure to make timely objection to this Report

---

[2]Petitioner also seeks reimbursement for his filing fee and copying costs. He may apply for such fees and costs if he is a prevailing party. Fed. R. Civ. P. 54(d); Local Civil Rule 54.1; Fed. R. App. P. 39(e); Reutter v. Solem,, 736 F.Supp. 1028, 1029 (D.S.D. 1990), affirmed 923 F.3d 860 (8th Cir. 1990).

and Recommendation waives his right to appellate review of both factual and legal issues contained herein.  <u>Moore v. United States</u>, 950 F.2d 656 (10th Cir. 1991).  This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

 **ENTERED this 11th day of July, 2006.**

_____
DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE