# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

KENNETH DULWORTH,            )
                             )
          Petitioner,    )
                             )
vs.                          )   Case No. CIV-05-1106-F
                             )
EDWARD L. EVANS,             )
                             )
          Respondent.    )

## O R D E R

On July 11, 2006, United States Magistrate Judge Doyle W. Argo issued a Supplemental Report and Recommendation (doc. no. 27), wherein he recommended that respondent's motion to dismiss be granted and that petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 be dismissed as moot in light of the Department of Corrections' decision to reinstate petitioner to level four effective June 8, 2006, and to credit him with 486 earned credits.

Presently before the court is petitioner's objection to the Supplemental Report and Recommendation. In his objection, petitioner does not challenge Magistrate Judge Argo's analysis and conclusion that petitioner's petition is moot. Rather, plaintiff states that "he wants reimbursement of costs and copies of this case preserved for the record. As the Respondent and the Magistrate agrees, [petitioner] is the prevailing party in this case."

With no specific objection made by petitioner in regard to Magistrate Judge Argo's analysis and conclusion that his § 2241 habeas petition is moot, the court accepts, adopts, and affirms the Supplemental Report and Recommendation.

As to the issue of reimbursement of court costs[1] and copies, Magistrate Judge Argo noted in his Supplemental Report and Recommendation that petitioner seeks reimbursement for his filing fees and copying costs.  Citing Fed. R. Civ. P. 54(d), Local Civil Rule 54.1, Fed. R. App. P. 39(e), and Reutter v. Solem, 736 F. Supp. 1028, 1029 (D.S.D. 1990), affirmed 923 F.3d 860 (8th Cir. 1990), Magistrate Judge Argo advised petitioner that he may apply for such fees and costs if he is a prevailing party.  Magistrate Judge Argo did not make a definitive ruling that petitioner is a prevailing party and entitled to recovery of the filing fees and court costs.  The court also does not make any definitive ruling at this time.  The court acknowledges that plaintiff has filed his objection in order to preserve the record in regard to the issue of filing fees and court costs.  However, any decision as to whether petitioner is a prevailing party and is entitled to recover his filing fees and court costs will be made only upon the filing of a proper motion and a completed bill of costs by petitioner.

IT IS THEREFORE ORDERED that the Supplemental Report and Recommendation issued by United States Magistrate Judge Doyle W. Argo on July 11, 2006 (doc. no. 27), is **ACCEPTED**, **ADOPTED**, and **AFFIRMED**.

IT IS ALSO ORDERED that Respondent's Motion to Dismiss Petitioner's Petition for Writ of Habeas Corpus, filed June 9, 2006 (doc. no. 25), is **GRANTED**.

---

[1] In his objection, petitioner also requests "Level 4, gang pay of $20.00 a month for 22 months."  As stated by Magistrate Judge Argo in the Supplemental Report and Recommendation, monetary damages are not available in federal habeas corpus proceedings, Preiser v. Rodriguez, 411 U.S. 475, 493-494 (1973).  Therefore, petitioner cannot recover the gang pay in this proceeding.

IT IS ADDITIONALLY ORDERED that Petitioner, Kenneth Dulworth's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, filed September 20, 2005 (doc. no. 1), is **DISMISSED** as **MOOT**.

IT IS FURTHER ORDERED that the Clerk of the Court shall send to Petitioner, Kenneth Dulworth, a bill of costs form and a copy of Local Civil Rule 54.1.

ENTERED this 4th day of August, 2006.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

05-1106p005(pub).wpd