# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KENNETH DULWORTH, | ) |
| | ) |
|       Petitioner, | ) |
| | ) |
| vs. | )   Case No. CIV-05-1106-F |
| | ) |
| EDWARD L. EVANS, | ) |
| | ) |
|       Respondent. | ) |

## ORDER

Before the court is petitioner's Motion for Court Costs, filed September 15, 2006 (doc. no. 34). Respondent has objected to the motion, and upon due consideration of the record herein and the applicable law, the court finds that petitioner's motion should be denied.

On September 20, 2005, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner specifically complained of his demotion from level four classification to level two classification due to escape misconduct points and sought relief from respondent in the form of a removal of the escape misconduct points and a recalculation of his sentence to provide for earned credits from July 30, 2004 to present. Prior to any order requiring a response from respondent, United States Magistrate Judge Doyle W. Argo entered a Report and Recommendation, recommending that the petition be dismissed as untimely. The undersigned adopted the Report and Recommendation and dismissed the petition on October 17, 2005. On appeal, the Tenth Circuit reversed, concluding the petition was timely filed. After the mandate issued on May 1, 2006, Magistrate Judge Argo

ordered respondent to file an answer responding to the allegations of petitioner's petition or in lieu of an answer, to file, if appropriate, a motion to dismiss. On June 9, 2006, respondent filed a motion to dismiss, seeking to dismiss petitioner's petition on the basis that it was moot. Respondent contended that the petition was moot, because on June 8, 2006, the Oklahoma Department of Corrections had reinstated petitioner to level four classification and had credited him with 486 earned credits, representing the credits he would have earned between July 29, 2004 and June 8, 2006 had he remained at level four classification. Magistrate Judge Argo entered a Supplemental Report and Recommendation on July 11, 2006, recommending that respondent's motion to dismiss be granted and that petitioner's habeas corpus petition be dismissed as moot in light of the Oklahoma Department of Corrections' decision to reinstate petitioner to level four classification effective June 8, 2006, and to credit him with 486 earned credits. In the Supplemental Report and Recommendation, Magistrate Judge Argo noted that petitioner sought reimbursement for his filing fees and copying costs. Citing Fed. R. Civ. P. 54(d), Local Civil Rule 54.1, Fed. R. App. P. 39(e), and Reutter v. Solem, 736 F. Supp. 1028, 1029 (D.S.D. 1990), *affirmed* 923 F.3d 860 (8th Cir. 1990), Magistrate Judge Argo advised petitioner that he may apply for such fees and costs if he is a prevailing party. Magistrate Judge Argo, however, did not make a definitive ruling that petitioner was a prevailing party and entitled to recovery of the filing fees and court costs.

      Petitioner filed an objection to Magistrate Judge Argo's Supplemental Report and Recommendation. In his objection, petitioner did not challenge Magistrate Judge Argo's analysis and conclusion that petitioner's petition was moot. Rather, petitioner stated that he wanted reimbursement of costs and copies of this case preserved for the record. With no specific objection made by petitioner in regard to Magistrate Judge Argo's analysis and conclusion, the court accepted, adopted, and affirmed the

Supplemental Report and Recommendation. In its order, the court also informed petitioner that it was making no definitive ruling on the issue of reimbursement of court costs and copies. The court advised petitioner that any decision as to whether petitioner was a prevailing party and was entitled to recover his filing fees and court costs would be made only upon the filing of a proper motion and a completed bill of costs by petitioner. Subsequently, the court entered judgment dismissing petitioner's habeas corpus petition as moot.

In his motion, petitioner seeks court costs pursuant to Fed. R. Civ. P. 54(d). Rule 54(d)(1) provides in pertinent part that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs. . . ." In the context of attorney fee-shifting statutes, the Supreme Court has held that, for a party to be "prevailing," there must be a "judicially sanctioned change in the legal relationship of the parties." Buckhannon Bd. and Care Home, Inc. v. W. Virginia Dep't of Health and Human Res., 532 U.S. 598, 605 (2001). Several courts have applied Buckhannon's "prevailing party" analysis to Rule 54(d) motions for costs. See, Dattner v. Conagra Foods, Inc., 458 F.3d 98, 102 (2nd Cir. 2006); Andretti v. Borla Performance Indus., Inc., 426 F.3d 824, 835-36 (6th Cir. 2005); Miles v. California, 320 F.3d 986, 989 (9th Cir. 2003). This court also concludes that the Buckhannon "prevailing party" analysis should apply to plaintiff's motion.

In this case, plaintiff did not receive a judicially sanctioned change in the legal relationship of the parties. Respondent voluntarily gave petitioner what he asked for in his petition. Although it appears that petitioner achieved the desired result because he filed his petition, that desired result came from respondent's decision to voluntarily change its conduct, not from any judicial relief received from the court. Buckhannon, 532 U.S. at 605 ("A defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary

3

judicial *imprimatur* on the change.")  There was no judicial involvement whatsoever in defendant's decision to reinstate petitioner to level four classification and to credit him with 486 earned credits.  There was no judicial "relief on the merits" such as an enforceable judgment or court-ordered consent decree.  *Id*. at 600.  Consequently, the court concludes that petitioner is not a prevailing party for purposes of recovery of costs under Fed. R. Civ. P. 54(d)(1).

Accordingly,  petitioner's Motion for Court Costs, filed September 15, 2006 (doc. no. 34), is **DENIED**.

ENTERED this 27th day of September, 2006.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

05-1106p008.wpd

4